SUMMARY ORDER
Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.
Horn appeals from three separate decisions and orders of the district court. In the first, issued on December 28, 2005, the district court dismissed Horn’s appeal from the orders of the United States Bankruptcy Court for the Northern District of New York (Littlefield, J.) due to Horn’s noncompliance with Federal Rule of Bankruptcy Procedure 8006. In the second, issued on November 1, 2006, the district court dismissed Horn’s appeal from the order of the Bankruptcy Court due to Horn’s noncompliance with Federal Rules of Bankruptcy Procedure 8001, 8002, and 8006. In the third, issued on January 28, 2007, the district court denied Horn’s motion for reconsideration of the district court’s November 2006 dismissal of Horn’s appeal on the grounds that Horn could not satisfy the requirements for reconsideration.[2]
In this Court’s order of April 27, 2007, a different panel directed the parties to address the relevance of In re Harris, 464 F.3d 263 (2d Cir.2006), in which we held that a district court’s dismissal of an appeal on grounds of noncompliance with Rule 8001 was an abuse of discretion because the district court did not give the appellant notice of its intent to dismiss, and failed to “consider any sanction short of dismissal.” 464 F.3d at 272-73.
The parties offer different answers to the implicit question posed in our earlier order — ie., whether the district court abused its discretion here, as did the court in In re Harris, by dismissing an appeal without providing the appellant with notice of the court’s intent to dismiss, or considering less harsh measures. Debtor-Appel-lee Martin’s views are self-contradictory. On the one hand, he claims to “take[ ] no particular position in this issue other than to defer to the discretion of the District Court and this ... Court.” Appellee Br. at 1. This, of course, begs the very question In re Harris compels us to answer. On the other hand, Martin claims that the district court’s “dismissal of Horn’s appeal on procedural grounds was [not] an abuse of discretion. In fact, it is respectfully submitted that a failure to dismiss the appeal would have been an abuse of discretion.” Id. at 6.
Horn, however (who reminds us that he is not an attorney), has the better argument. As in In re Hams, he argues that the district court failed to provide him with notice of his violation of the Federal Bank *56 ruptcy Rules. Appellant’s Br. at 17-18. Furthermore, he argues that the district court did not explain why Horn violated the Rules, provide him with an opportunity for correction, or consider alternatives to dismissal. Id. at 18. As we previously cautioned in In re Harris, in contemplating a Rule 8001 dismissal, “district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.” 464 F.3d at 272 (quoting English-Speaking Union v. Johnson, 353 F.3d 1013, 1022 (D.C.Cir.2004)). The submission of supplemental briefs in this proceeding, pursuant to In re Harris, convinces us that there may be merit to Horn’s claims.
It appears that the district court, in dismissing the appeals without providing Horn with an opportunity to be heard first, may have followed a regular practice in that district in which the Clerk notes the failure to comply with the timing requirements of the Bankruptcy Rules and the court proceeds to dismiss the appeals without further consideration. If so, the practice violates In re Harris, and should be revised.
Accordingly, for the reasons set forth above, the December 28, 2005 and November 1, 2006 judgments of the district court are hereby VACATED and REMANDED for further proceedings consistent with this opinion.[3]

. Perhaps owing to oversight, the district court’s January 23, 2007 denial of Horn's motion for reconsideration refers to its prior dismissal of Horn’s appeal as taking place on November 6, 2006.

. In view of our decision to vacate and remand the district court’s November 1, 2006 judgment, Horn’s appeal from the district court's January 23, 2007 denial of his motion for reconsideration is moot.